JACKSON LEWIS P.C.
DALE R. KUYKENDALL (SBN 148833)
EVAN D. BEECHER (SBN 280364)
400 Capitol Mall, Suite 1600
Sacramento, California 95814
Telephone:    (916) 341-0404
Facsimile:    (916) 341-0141
Email: kuykendd@jacksonlewis.com
        evan.beecher@jacksonlewis.com

Attorneys for Defendant
ROLLINS, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| CHRISTOPHER BRANDON, | CASE NO. |
|---|---|
| Plaintiff, | **DEFENDANT ROLLINS, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION** |
| v. | **28 U.S.C. §§ 1332(a), 1441(b), 1446 DIVERSITY JURISDICTION** |
| ROLLINS, INC.; AND DOES 1 THROUGH 100, INCLUSIVE | Complaint Filed:  01.30.17 |
| Defendants. | Trial Date:      None Set |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that ROLLINS, INC. ("Defendant"), hereby removes the below referenced action from the Superior Court of the State of California for the County of San Joaquin to the United States District Court for the Eastern District of California, Sacramento Division. The removal is based on 28 U.S.C. sections 1332(a), 1441(b), and 1446, and, specifically, on the following grounds:

**JURISDICTION**

1.    This Court has jurisdiction over this action because it is a civil action of which this Court has original jurisdiction under 28 U.S.C. section 1332(a) and is one that may be removed to this Court by Defendant pursuant to 28 U.S.C. sections 1441(b) and 1446 in that it is a civil action between citizens of different states in which the matter in controversy exceeds $75,000, exclusive of interest and costs.

1

## BACK GROUND AND PLEADINGS FILED IN STATE COURT

2.    On or about January 30, 2017, CHRISTOPHER BRANDON ("Plaintiff") filed an action in the Superior Court of the State of California, in and for the County of San Joaquin, entitled *Christopher Brandon v. Rollins, Inc.; and DOES 1 through 100, inclusive,* which was designated by that court as case number STK-CV-UCR-2017-0000957.

3.    On February 28, 2017, Plaintiff personally served Defendant's agent for service of process with a summons, Complaint for Damages – Discrimination ("Complaint"), Statement of Damages, Civil Case Cover Sheet, and Notice of Case Assignment and Scheduling Information and Notice of Hearing.

4.    The Complaint alleges the following causes of action against Defendant: (1) Failure to Engage in a Good Faith Interactive Process; (2) Failure to Provide Reasonable Accommodation; (3) Disability Discrimination Disparate Treatment; and (4) Failure to Take all Reasonable Steps Necessary to Prevent Discrimination From Occurring.  Attached as **Exhibit A** is a true and correct copy of the Summons and Complaint served on Defendant.  Attached as **Exhibit B** is a true and correct copy of the Statement of Damages served on Defendant.  Attached as **Exhibit C** is a true and correct copy of other related court documents served by Plaintiff.

5.    On March 28, 2017, Defendant filed and served its Answer in the San Joaquin County Superior Court.  Attached as **Exhibit D** is a true and correct copy of Defendant's Answer.

6.    Defendant is not aware of any other pleadings and orders previously filed and served in this action.

## DIVERSITY JURISDICTION

7.    Diversity jurisdiction exists where there is diversity of citizenship between the parties at the time the lawsuit is filed.  Grupo Dataflux v. Atlas Global Group, LP, 541 U.S. 567, 571 (2004).

8.    Pursuant to 28 U.S.C. § 1332(c)(1), "Congress has prescribed that a corporation 'shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business,'..." (emphasis added).  With respect to ascertaining a corporation's principal place of business for purposes of diversity jurisdiction, the United States

2

DEFENDANT ROLLINS, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION

Supreme Court has adopted the "nerve center test." Hertz v. Friend, 130 S. Ct. 1181, 1186 (2010). Under the nerve center test, a corporation's principal place of business is where a corporation's high level officers direct, control and coordinate the corporation's activities. Id.

9. Defendant is a corporation organized and incorporated under the laws of the State of Delaware. Defendant's principal place of business under the nerve center test is the State of Georgia, as it is headquartered there. Rollins' main office and management functions are concentrated at 2170 Piedmont Rd., NE Atlanta, GA, 30324 and the company's officers direct, control, and coordinate Rollins' activities from this office. Its Board of Directors and shareholders meet there.

10. The only other defendants named in Plaintiff's Complaint are fictitious parties identified as "Does 1 to 100," whose citizenship shall be disregarded for the purpose of removal. 28 U.S.C. §1441(b)(1).

11. Defendant is informed and believes that Plaintiff was, at the time of filing the Complaint, and still is, a resident and citizen of the state of California, County of San Joaquin. Plaintiff further alleges that Defendant conducts business in Stockton, California, that Defendant employed Plaintiff, and that the laws of the state of California governed the employment relationship. See Complaint, ¶¶ 1, 4.

12. Thus, there is complete diversity between all parties and there are no other defendants to join in the removal of this action to this Court, hence all named parties have consented to the removal of this action.

## AMOUNT IN CONTROVERSY

13. Although the Complaint is silent as to the total amount of monetary relief claimed, the Plaintiff's failure to specify the total amount of monetary relief sought does not deprive the Court of jurisdiction. See White v. J.C. Penny Life Ins. Co., 861 F.Supp. 25, 26 (S.D. W.Va. 1994) (Defendant may remove suit to federal court notwithstanding plaintiff's failure to plead a specific dollar amount in controversy; if the rules were otherwise, "any plaintiff could avoid removal simply by declining . . . to place a specific dollar claim upon its claim".) Fortunately, here, Plaintiff's attorney has provided a Statement of Damages, served concurrently with the

3

Complaint, which claims damages more than twice the jurisdictional minimum, exclusive of attorney's fees. See **Exhibit B**.

14.     Plaintiff's Statement of Damages itemizes Plaintiff's damages as follows:

| | |
|---|---|
| Pain, Suffering, and Inconvenience | $25,000.00 |
| Emotional distress | $50,000.00 |
| Medical expenses | $5,000.00 |
| Loss of earnings (to date) | $35,000.00 |
| Loss of future earnings | $70,000.00 |
| Loss of present and future fringe benefits | $25,000.00 |
| Total | $210,000.00 |

15.     Finally, Plaintiff seeks "reasonable attorneys' fees." (Complaint, p.5, line 15). Plaintiff's attorneys' fees could easily exceed $100,000.00 should the case go to trial.

16.     Therefore, based on Plaintiff's Complaint, Statement of Damages, and possible attorney's fees, Plaintiff's claims easily satisfy the prerequisite amount in controversy for diversity jurisdiction.

### TIMELINESS OF REMOVAL

13.     This Notice of Removal is filed within 30 days after Defendant was served with the Complaint on February 28, 2017. This Notice therefore is filed within the time period provided by 28 U.S.C. section 1446(b).

### VENUE

14.     Venue properly lies in the United States District Court for the Eastern District of California, Sacramento Division, pursuant to 28 U.S.C. sections 1391(a) and 1441(b) because the state court action was filed in this District and this is the judicial district in which the action arose.

### NOTICE TO PLAINTIFF AND STATE COURT

19.     In accordance with 28 U.S.C. section 1446(d), Defendant's counsel certifies that a copy of this Notice of Removal and all supporting papers promptly will be served on all parties and filed with the Clerk of San Joaquin County Superior Court. As a result, all procedural requirements under 28 U.S.C. section 1446 are satisfied.

4
DEFENDANT ROLLINS, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION

WHEREFORE, Defendant prays that the above action now pending against it in the Superior Court of the State of California, County of San Joaquin, be removed to this Court.

Dated: March 29, 2017                          JACKSON LEWIS P.C.


By:   /s/ Evan D. Beecher
      DALE R. KUYKENDALL
      EVAN D. BEECHER

Attorneys for Defendant
ROLLINS, INC.

DEFENDANT ROLLINS, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION

# EXHIBIT A

# SUMMONS
## (CITACION JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:** ROLLINS, INC.; AND
**(AVISO AL DEMANDADO):** DOES 1 THROUGH 100, INCLUSIVE

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED
SUPERIOR COURT-STOCKTON

2017 JAN 30 PM 1:34

ROSA JUNQUEIRO, CLERK

ENEDINA LISITSIN
DEPUTY

**YOU ARE BEING SUED BY PLAINTIFF:** CHRISTOPHER BRANDON;
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
(El nombre y dirección de la corte es):

San Joaquin Superior Court
222 E. Weber Avenue
P. O. Box 201022
Stockton, CA 95201

STK-CV-UCR-2017-957

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):

David C. Rancaño, SBN 121000          (209) 549-2000          (209) 526-1101
Tejinderpal S. Sanghera, SBN 275058
Rancaño & Rancaño, PLC
1300 10th Street, Suite C, Modesto, CA 95354

DATE: JAN 3 0 2017          Clerk, by          ENEDINA LISITSIN          , Deputy
(Fecha)                     (Secretario)       ROSA JUNQUEIRO              (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☐ on behalf of (specify):

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

# Rancaño &Rancaño

A Professional Law Corporation
1300 10th Street, Suite C
Modesto, California 95354
Fax (209) 526-1101
Telephone (209) 549-2000

David C. Rancaño, SBN 121000
Tejinderpal S. Sanghera, SBN 275058
Violeta Diaz SBN 296505
Attorneys for plaintiff

FILED
SUPERIOR COURT-STOCKTON

2017 JAN 30 PM 1:34

ROSA JUNQUEIRO, CLERK

by ENEDINA LISITSIN
DEPUTY

## SUPERIOR COURT OF CALIFORNIA
### COUNTY OF SAN JOAQUIN
### STOCKTON BRANCH

| | |
|---|---|
| CHRISTOPHER BRANDON;<br><br>PLAINTIFF,<br><br>V.<br><br>ROLLINS, INC.; AND<br>DOES 1 THROUGH 100, INCLUSIVE,<br><br>DEFENDANTS. | CASE NO.  STK-CV- UCR -2017- 957<br><br>COMPLAINT FOR DAMAGES ~ DISCRIMINATION<br><br>UNLIMITED CIVIL ACTION<br>Amount in Controversy Exceeds $25,000 |

Plaintiff alleges:

1.     Plaintiff is informed and believes, and thereupon alleges, that at all times relevant hereto, defendant Rollins Inc. was and is a business entity, form unknown, doing business in Stockton, and employing more than four employees. This is the proper court for this action because defendant Rollins Inc. does business within its jurisdiction. The amount in controversy exceeds $25,000.

2.     Plaintiff is ignorant of the true names and capacities of defendants Does 1 through 100, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes, and thereupon alleges, that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that plaintiff's damages were proximately caused by their conduct.

3.     Plaintiff is informed and believes, and thereupon alleges, that at all times relevant to

Rancaño
& Rancaño
A Professional Law Corporation
1300 10th Street, Suite C
Modesto, California 95354
FAX (209) 526-1101
(209) 549-2000

-1-

THIS CASE HAS BEEN ASSIGNED TO JUDGE
BARBARA A. KRONLUND IN DEPARTMENT 42   COMPLAINT
FOR ALL PURPOSES INCLUDING TRIAL

this complaint, each of the defendants was the agent and employee of each of the other defendants, and in doing the things hereafter alleged, was acting within the course and scope of such agency and employment.

4.    Plaintiff, at all times relevant to this complaint, was employed by defendant Rollins Inc. While employed plaintiff became disabled within the meaning of Government Code section 12926. Plaintiff is informed and believes, and thereupon alleges, that defendants, and each of them, knew plaintiff had an actual disability, a record of a disability and/or perceived plaintiff as disabled.

5.    On or about December 14, 2016, plaintiff filed a Complaint of Discrimination Under the provisions of the California Fair Employment and Housing Act with the California Department of Fair Employment & Housing (DFEH), alleging the wrongs set forth below.  On December 14, 2016, DFEH issued its Notice of Case Closure and right-to-sue notice.  On December 14, 2016, plaintiff served a copy of said complaint and Notice of Case Closure on defendant Rollins Inc., by certified mail, return receipt requested.

## FIRST CAUSE OF ACTION
### FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS
#### [Government Code section 12940(n)]

6.    Plaintiff incorporates paragraphs 1 through 5, as though fully set forth seriatim, by this reference.

7.    Plaintiff requested that defendants make reasonable accommodation for the heretofore alleged disability, so that he would be able to perform the essential job requirements.

8.    Plaintiff was willing to participate with defendants in an interactive process to determine whether defendants could provide reasonable accommodation for the heretofore alleged disability so that plaintiff would be able to perform the essential job requirements.

9.    Defendants, and each of them, failed to participate in a timely good-faith interactive process to determine whether defendants could provide reasonable accommodation for the heretofore alleged disability so that plaintiff would be able to perform the essential job requirements.

10.    As a direct and proximate result of each defendants' failure to participate in a timely,

Rancaño
&Rancaño
A Professional Law Corporation
1300 19th Pank Labi C
Medesto, California 95331
FAX (209) 116-1191
(365) 347-1000

-2-

COMPLAINT

good-faith interactive process, plaintiff has suffered loss of wages and other compensation, and damages for mental anguish, humiliation, emotional distress, nervousness, tension, anxiety and depression, according to proof at trial. Plaintiff's damages are within the jurisdiction of an unlimited civil action in the Superior Court.

WHEREFORE plaintiff prays for relief as set forth below.

## SECOND CAUSE OF ACTION

## FAILURE TO PROVIDE REASONABLE ACCOMMODATION

### [Government Code section 12940(m)]

11. Plaintiff incorporates paragraphs 1 through 10, as though fully set forth seriatim, by this reference.

12. At all times relevant herein, plaintiff was able to perform the essential functions of his job with or without reasonable accommodation.

13. Defendants, and each of them, failed to provide reasonable accommodation for the heretofore alleged disability.

14. At all times relevant herein, plaintiff was able to perform the essential functions of his job without endangering her health or safety, or the health or safety of others.

15. Defendants, and each of them, were able to provide reasonable accommodation for the heretofore alleged disability without incurring an undue hardship.

16. As a direct and proximate result of each defendants' failure to provide reasonable accommodation, plaintiff has suffered loss of wages and other compensation, and damages for mental anguish, humiliation, emotional distress, nervousness, tension, anxiety and depression, according to proof at trial. Plaintiff's damages are within the jurisdiction of an unlimited civil action in the Superior Court.

//////////
//////////
//////////
//////////
//////////

Rancaño
&Rancaño
A Professional Law Corporation
1300 10ᵗʰ Street, Suite C
Modesto, California 95354
FAX (209) 536-1101
(209) 549-1000

-3-

WHEREFORE plaintiff prays for relief as set forth below.

## THIRD CAUSE OF ACTION

## DISABILITY DISCRIMINATION

## DISPARATE TREATMENT

[Government Code section 12940(a)]

17.   Plaintiff incorporates paragraphs 1 through 16, as though fully set forth seriatim, by this reference.

18.   On or about September 8, 2016, defendants, and each of them, denied plaintiff employment with Rollins Inc. Plaintiff is informed and believes, and thereupon alleges, that when defendants, and each of them, denied plaintiff employment, plaintiff's disability, a record of a disability and/or perceived disability was a motivating reason for the denial of employment.

19.   As a direct and proximate result of each defendants' disparate treatment, plaintiff has suffered loss of wages and other compensation, and damages for mental anguish, humiliation, emotional distress, nervousness, tension, anxiety and depression, according to proof at trial. Plaintiff's damages are within the jurisdiction of an unlimited civil action in the Superior Court.

WHEREFORE plaintiff prays for relief as set forth below.

## FOURTH CAUSE OF ACTION

## FAILURE TO TAKE ALL REASONABLE STEPS NECESSARY

## TO PREVENT DISCRIMINATION FROM OCCURRING

[Government Code section 12940(k)]

20.   Plaintiff incorporates paragraphs 1 through 19, as though fully set forth seriatim, by this reference.

21.   Plaintiff is informed and believes, and thereon alleges, that plaintiff's disability was a motivating reason for defendants' wrongful conduct as alleged hereinbefore.   Plaintiff further alleges that defendants, and each of them, failed to take all reasonable steps necessary to prevent said discrimination from occurring, in that the defendants, and their managers, supervisors, owners, operators, and agents had no training or ignored their training, education, instruction, guidance, or experience in how to identify, prevent, or rectify disability discrimination and/or failed to follow the

Rancaño
&Rancaño
A Professional Law Corporation
1300 10th Street, Suite C
Modesto, California 95354
FAX (209) 526-1101
(209) 569-2000

-4-

defendant's policies and procedures implemented to prevent discrimination.

22. As a proximate result of said defendants' failure to take all reasonable steps necessary to prevent discrimination, the defendants, and each of them, did in fact discriminate against plaintiff based on his physical disability.

23. As a direct and proximate result of each defendants' failure to take all reasonable steps necessary to prevent discrimination from occurring, plaintiff has suffered loss of wages and other compensation, and damages for mental anguish, humiliation, emotional distress, nervousness, tension, anxiety and depression, according to proof at trial. Plaintiff's damages are within the jurisdiction of an unlimited civil action in the Superior Court.

WHEREFORE plaintiff prays for relief as set forth below.

1. For compensatory damages;

2. For general damages;

3. For costs of suit;

4. For prejudgment interest as allowed by law;

5. For reasonable attorneys' fees;

6. A declaratory judgment that the practices complained of in this Complaint are unlawful under California law;

7. An injunction against defendants, and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful employment practices complained of in this complaint; and

8. For such further and other relief as is just.

Dated: January 26, 2017

RANCAÑO & RANCAÑO, PLC

By _____
David C. Rancaño
Tejinderpal S. Sanghera
Attorneys for plaintiff

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues which may be tried by a jury.

Rancaño
&Rancaño
A Professional Law Corporation
1300 10ᵗʰ Street, Suite C
Medina, California 95354
FAX (209) 316-1101
(209) 349-2060

-5-

COMPLAINT

# EXHIBIT B

CIV-050

**- DO NOT FILE WITH THE COURT -**
**- UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 -**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address)*: | TELEPHONE NO.: (209) 549-2000 | FOR COURT USE ONLY |
|---|---|---|
| David C. Rancaño, SBN 121000<br>Tejinderpal S. Sanghera, SBN 275058<br>Rancaño & Rancaño, PLC<br>1300 10th Street, Suite C<br>Modesto, CA 95354 | | |

ATTORNEY FOR *(name)*:  Plaintiff

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   San Joaquin
STREET ADDRESS:   222 E. Weber Avenue
MAILING ADDRESS:   P. O. Box 201022
CITY AND ZIP CODE:   Stockton, CA  95201
BRANCH NAME:

PLAINTIFF:   CHRISTOPHER BRANDON;
DEFENDANT:   ROLLINS, INC.;

| STATEMENT OF DAMAGES<br>(Personal Injury or Wrongful Death) | CASE NUMBER:<br>STK-CV-UCR-2017-0000957 |
|---|---|

To *(name of one defendant only)*:    Christopher Brandon
Plaintiff *(name of one plaintiff only)*:    Rollins, Inc.
seeks damages in the above-entitled action, as follows:

                                                                        AMOUNT

1. **General damages**
   a. [x] Pain, suffering, and inconvenience .................................. $ 25,000.00
   b. [x] Emotional distress ................................................... $ 50,000.00
   c. [ ] Loss of consortium .................................................. $ _____
   d. [ ] Loss of society and companionship *(wrongful death actions only)* ... $ _____
   e. [ ] Other *(specify)* ................................................... $ _____
   f. [ ] Other *(specify)* ................................................... $ _____
   g. [ ] Continued on Attachment 1.g.

2. **Special damages**
   a. [x] Medical expenses *(to date)* ........................................ $ 5,000.00
   b. [ ] Future medical expenses *(present value)* ........................... $ _____
   c. [x] Loss of earnings *(to date)* ........................................ $ 35,000.00
   d. [ ] Loss of future earning capacity *(present value)* ................... $ _____
   e. [ ] Property damage .................................................... $ _____
   f. [ ] Funeral expenses *(wrongful death actions only)* .................... $ _____
   g. [ ] Future contributions *(present value) (wrongful death actions only)* . $ _____
   h. [ ] Value of personal service, advice, or training *(wrongful death actions only)* ... $ _____
   i. [x] Other *(specify)* Loss of future earnings ........................... $ 70,000.00
   j. [x] Other *(specify)* Loss of present and future fringe benefits ........ $ 25,000.00
   k. [ ] Continued on Attachment 2.k.

3. [ ] **Punitive damages:** Plaintiff reserves the right to seek punitive damages in the amount of *(specify)*. .$ _____
   when pursuing a judgment in the suit filed against you.

Date: February 21, 2017

David C. Rancaño, SBN 121000                          ▶         /s/
(TYPE OR PRINT NAME)                                     (SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

*(Proof of service on reverse)*                                                    Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CIV-050 [Rev. January 1, 2007]

**STATEMENT OF DAMAGES**
(Personal Injury or Wrongful Death)

Legal
Solutions
Plus

Code of Civil Procedure, §§ 425.11, 425.115

# EXHIBIT C

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| David C. Rancaño, SBN 121000<br>Tejinderpal S. Sanghera, SBN 275058<br>Rancaño & Rancaño, PLC<br>1300 10th Street, Suite C<br>Modesto, CA 95354<br>TELEPHONE NO.: (209) 549-2000    FAX NO.: (209) 526-1101<br>ATTORNEY FOR (Name): Plaintiff | FILED<br>SUPERIOR COURT-STOCKTON<br><br>2017 JAN 30 PM 1:34<br><br>ROSA JUNQUEIRO, CLERK<br><br>BY EDINA LISITSIN<br>DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Joaquin
STREET ADDRESS: 222 E. Weber Avenue
MAILING ADDRESS: P. O. Box 201022
CITY AND ZIP CODE: Stockton, CA 95201
BRANCH NAME:

CASE NAME: BRANDON V. ROLLINS, INC.

| CIVIL CASE COVER SHEET | Complex Case Designation | STK-CV-UCR -2017- 057 |
|---|---|---|
| [X] Unlimited  [ ] Limited<br>(Amount  (Amount<br>demanded  demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE: <br>DEPT: BARBARA A. KRONLUND |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[X] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation**
**(Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a. [X] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action (specify): Four
5. This case [ ] is  [X] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: January 26, 2017

David C. Rancaño, SBN 121000
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Legal
Solutions
Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10



## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET
### CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice— Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach—Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case—Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief from Late Claim
  Other Civil Petition

AKH    DCR-15
43653

# SUPERIOR COURT OF CALIFORNIA

San Joaquin County
222 E. Weber Avenue
Stockton, CA 95201

## NOTICE OF CASE ASSIGNMENT AND SCHEDULING INFORMATION AND NOTICE OF HEARING

Case Number: STK-CV-UCR-2017-0000957

A Case Management Conference has been scheduled for your case as indicated below. A copy of this information must be provided with the complaint or petition, and with any cross-complaint that names a new party to the underlaying action. Disregard hearing date if that date has expired.

| Hearing: Case Management Conference. Date: 08/03/2017 | | Time: 8:45 AM | |
|---|---|---|---|
| JUDGE | COURT LOCATION | DEPARTMENT/ROOM | PHONE |
| Barbara Kronlund | Stockton | 42 | (209)992-5693 |

[ x ]  ADR & Scheduling Information is available on court website @ sjcourts.org/self-help

1. You must:

   a. Serve all named defendant's and file proofs of service on those defendants with the court Within 60 days of the filing of the complaint. (CRC 3.110)

   b. File and serve a completed Case Management Conference Statement (use of JC form CM-110 is mandatory) at least 15 days before the Case Management Conference.

   c. Meet and Confer, in person or by telephone, to consider each of the issues identified in CRC 3.727 no later than 30 calendar days before the date set for the Case Management Conference. (CRC 3.724)

   d. Collection cases are managed pursuant to CRC 3.740.

2. You may appear in person or by telephone at the Case Management Conference. To make arrangements for telephonic appearance you must call Court Call, at (310) 572-4670 or (888) 882-6878 at least five (5) court days prior to the hearing.

Visit our website @ www.sjcourts.org for more information regarding civil cases, local rules and forms.

Date: 01/30/2017                                          _____Enedina Lisitsin_____,Deputy Clerk

# EXHIBIT D

JACKSON LEWIS P.C.
DALE R. KUYKENDALL (SBN 148833)
EVAN D. BEECHER (SBN 280364)
400 Capitol Mall, Suite 1600
Sacramento, California 95814
Telephone:    (916) 341-0404
Facsimile:    (916) 341-0141
Email: kuykendd@jacksonlewis.com
        evan.beecher@jacksonlewis.com

Attorneys for Defendant
ROLLINS, INC.

FILED

2017 MAR 28 PM 2: 47

ROSA JUNGUERO CLERK
Stephanie Ceja

BY _____

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN JOAQUIN

CHRISTOPHER BRANDON,

  Plaintiff,

v.

ROLLINS, INC.; AND DOES 1 THROUGH
100, INCLUSIVE

  Defendants.

CASE NO.  STK-CV-UCR-2017-0000957

DEFENDANT ROLLINS, INC.'S
ANSWER TO PLAINTIFF'S
UNVERIFIED COMPLAINT FOR
DAMAGES

Complaint Filed:  01.30.17
Trial Date:      None Set

BY FAX

ROLLINS, INC. ("Defendant") hereby answers the unverified Complaint filed by Plaintiff

CONNIE PEREZ ("Plaintiff"), without waiving its right to remove the case to federal court or

compel arbitration, as follows:

GENERAL DENIAL

Pursuant to Code of Civil Procedure Section 431.30(d), Defendant denies, generally and

specifically, each and every allegation contained in Plaintiff's unverified Complaint.

AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses to Plaintiff's Complaint:

FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint as a whole, and each purported cause of action alleged therein, fails

to state facts sufficient to constitute a cause of action against Defendant.

///

1

DEFENDANT ROLLINS, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT FOR DAMAGES

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each purported cause of action, are subject to binding arbitration. This entire action should accordingly be transferred to binding arbitration and this action should then be dismissed and/or stayed.

## THIRD AFFIRMATIVE DEFENSE

Any damages for alleged discrimination must be barred or reduced under the doctrine of avoidable consequences because: (1) Defendant exercised reasonable steps to prevent and correct any workplace conduct alleged to be unlawful; (2) Plaintiff unreasonably failed to use the preventive and corrective measures Defendant provided; and (3) reasonable use of Defendant's procedures would have prevented at least some of the harm Plaintiff allegedly suffered.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint and each purported cause of action alleged therein are barred because all actions taken by Defendant with respect to Plaintiff were taken for legitimate, non-discriminatory, non-retaliatory business reasons.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint and each purported cause of action alleged therein are barred in whole or in part because any and all actions taken by Defendant with respect to Plaintiff were job related for the positions in question and consistent with business necessity.

## SIXTH AFFIRMATIVE DEFENSE

Defendant cannot be held liable for any conduct alleged in the Complaint to the extent the individuals who allegedly engaged in the conduct against Plaintiff were not acting within the course and scope of their employment or agency.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint and each purported cause of action alleged therein are barred by the doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint and each purported cause of action alleged therein are barred by the doctrine of waiver.

2

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint and each purported cause of action alleged therein are barred because Plaintiff is estopped by his own conduct to claim any right to damages or any relief against Defendant.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovering any damages for lost wages, benefits and compensation of any kind, or such damages must be reduced, to the extent Plaintiff failed to exercise reasonable diligence to mitigate his alleged damages.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant is entitled to a set off for any overpayments and/or amounts of benefits and other payments Plaintiff received to cover or mitigate his alleged losses, including, but not limited to, anything received in connection with workers' compensation and/or other disability-related payments, pursuant to the common-law doctrine of offset and the doctrine prohibiting double recovery.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's purported causes of action brought under the Fair Employment and Housing Act are barred in whole or in part to the extent Plaintiff failed to exhaust his administrative and/or judicial remedies, including, but not limited to those under the California Fair Employment and Housing Act, Government Code sections 12960 and 12965.

## THIRTEENTH AFFIRMATIVE DEFENSE

Any recovery on Plaintiff's Complaint or any purported cause of action alleged therein is barred in whole or in part by Labor Code sections 2854 and 2856 in that Plaintiff failed to use ordinary care and diligence in the performance of his duties and failed to comply substantially with the reasonable directions of his employer.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's purported causes of action are barred in whole or in part because any accommodation he sought for his alleged disability or medical condition would have imposed undue hardship on Defendant.

3

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's purported causes of action are barred in whole or in part because, even with any reasonable accommodations, he could not perform his essential job duties without posing a risk of substantial harm to himself and/or others.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's purported causes of action are barred in whole or in part due to Plaintiff's own conduct and/or omissions in interfering with and not cooperating with his employer's attempts to communicate with Plaintiff and engage in an interactive process.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's purported Causes of Action are barred in whole or in part and/or Plaintiff is precluded from any monetary damages because, even assuming, *arguendo*, that the Court or a jury should find that discriminatory reasons were a factor in any employment decision involving Plaintiff (which Defendant denies), Defendant would have made the same employment decisions with regard to Plaintiff in any case for legitimate, non-discriminatory reasons, and the alleged illegal reasons were not a substantial factor in motivating Defendant's actions. *See Harris v. City of Santa Monica* (2012) 56 Cal.4th 203.

### EIGHTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff seeks damages for emotional distress, such damages are barred because the exclusive remedy for Plaintiff's alleged emotional distress and other injuries, if any, is before the California Workers' Compensation Appeals Board pursuant to the exclusive remedy provisions of the California Workers' Compensation Act (*see* California Labor Code section 3600 *et seq.*). Plaintiff's Complaint alleges an injury compensable under the California Workers' Compensation Act because Plaintiff alleges that his injuries: (1) occurred at a time when both Plaintiff and Defendant was subject to Labor Code section 3600(a); (2) occurred in the course of and incidental to Plaintiff's employment; and (3) were proximately caused by Plaintiff's employment.

///

///

4

## NINETEENTH AFFIRMATIVE DEFENSE

To the extent Defendant obtains through discovery or otherwise after-acquired evidence of wrongdoing by Plaintiff, the Complaint and each purported cause of action alleged therein are barred by the doctrine of after-acquired evidence, or the doctrine of after-acquired evidence limits and reduces Plaintiff's alleged damages.

## TWENTIETH AFFIRMATIVE DEFENSE

Any claims by Plaintiff for injunctive and other equitable relief are barred to the extent Plaintiff has adequate remedies at law.

## PRAYER

WHEREFORE, having answered Plaintiff's Complaint and having alleged affirmative defenses, Defendant prays:

1. That Plaintiff take nothing by the Complaint;

2. That Plaintiff's Complaint be dismissed in its entirety with prejudice;

3. That Plaintiff be denied each and every demand and prayer for relief contained in the Complaint;

4. For costs of suit incurred herein, including reasonable attorneys' fees; and

5. For such other and further relief as the Court deems just and equitable.

Dated: March 28, 2017                JACKSON LEWIS P.C.

By: _____
      DALE R. KUYKENDALL
      EVAN D. BEECHER

Attorneys for Defendant
ROLLINS, INC.

5

## PROOF OF SERVICE

I am employed in the County of Sacramento, State of California. I am over the age of eighteen years and not a party to the within action; my business address is Jackson Lewis P.C., 400 Capitol Mall, Suite 1600, Sacramento, California 95814.

On March 28, 2017, I served the within:

### DEFENDANT ROLLINS, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT FOR DAMAGES

on all interested parties in said action, through their attorneys of record as listed below, by placing a true and correct copy thereof, addressed as shown below, by the following means:

☐ PERSONAL SERVICE - by personally delivering a true and correct copy thereof to the person at the address set forth below, in accordance with Code of Civil Procedure section 1011(a).

☒ MAIL - by placing a true and correct copy thereof enclosed in a sealed envelope with postage thereon fully prepaid for deposit in the United States Post Office mail box, at my business address shown above, following Jackson Lewis P.C.'s ordinary business practices for the collection and processing of mail, of which I am readily familiar, and addressed as set forth below. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

☐ OVERNIGHT DELIVERY - by depositing a true and correct copy thereof enclosed in a sealed envelope with delivery fees thereon fully prepaid in a box or other facility regularly maintained by Norco Delivery Services or delivering to an authorized courier or driver authorized by Norco Delivery Services to receive documents, addressed as set forth below.

☐ FACSIMILE TRANSMISSION - by transmitting a true and correct copy by facsimile from facsimile number (916) 341-0141 to the person(s) at the facsimile number(s) set forth below, which transmission was confirmed as complete. A copy of the transmission record is attached hereto.

☐ ELECTRONIC MAIL - by forwarding a true and correct copy thereof by e-mail from e-mail address _____ to the person(s) at the e-mail address(es) set forth below.

### ATTORNEYS FOR PLAINTIFF CHRISTOPHER BRANDON:

David C. Rancano, Esq.
Tejinderpal S. Sanghera, Esq.
RANCANO & RANCANO
1300 10TH Street, Suite C
Modesto, CA 95354

Telephone:    209.549.2000
Facsimile:    209.549.2000
Email: drancano@rancanolaw.com
      tsanghera@rancanolaw.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on March 28, 2017 at Sacramento, California.

_Katie Edwards_
Katie Edwards

## PROOF OF SERVICE

I am employed in the County of Sacramento, State of California. I am over the age of eighteen years and not a party to the within action; my business address is Jackson Lewis P.C., 400 Capitol Mall, Suite 1600, Sacramento, California 95814.

On March 29, 2017, I served the within:

**DEFENDANT ROLLINS, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION
28 U.S.C. §§ 1332(a), 1441(b), 1446DIVERSITY JURISDICTION**

on all interested parties in said action, through their attorneys of record as listed below, by placing a true and correct copy thereof, addressed as shown below, by the following means:

☐ **PERSONAL SERVICE** - by personally delivering a true and correct copy thereof to the person at the address set forth below, in accordance with Code of Civil Procedure section 1011(a).

☒ **MAIL** - by placing a true and correct copy thereof enclosed in a sealed envelope with postage thereon fully prepaid for deposit in the United States Post Office mail box, at my business address shown above, following Jackson Lewis P.C.'s ordinary business practices for the collection and processing of mail, of which I am readily familiar, and addressed as set forth below. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

☐ **OVERNIGHT DELIVERY** - by depositing a true and correct copy thereof enclosed in a sealed envelope with delivery fees thereon fully prepaid in a box or other facility regularly maintained by Norco Delivery Services or delivering to an authorized courier or driver authorized by Norco Delivery Services to receive documents, addressed as set forth below.

☐ **FACSIMILE TRANSMISSION** - by transmitting a true and correct copy by facsimile from facsimile number (916) 341-0141 to the person(s) at the facsimile number(s) set forth below, which transmission was confirmed as complete. A copy of the transmission record is attached hereto.

☐ **ELECTRONIC MAIL** - by forwarding a true and correct copy thereof by e-mail from e-mail address _____ to the person(s) at the e-mail address(es) set forth below.

**ATTORNEYS FOR PLAINTIFF
CHRISTOPHER BRANDON:**

David C. Rancano, Esq.
Tejinderpal S. Sanghera, Esq.
RANCANO & RANCANO
1300 10TH Street, Suite C
Modesto, CA 95354

Telephone:   209.549.2000
Facsimile:   209.549.2000
Email: drancano@rancanolaw.com
         tsanghera@rancanolaw.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on March 29, 2017at Sacramento, California.

/s/ Katie Edwards
Katie Edwards

PROOF OF SERVICE